## Commonwealth v. Leslie

E. *Leroy Keen*, assistant district attorney, and *Karl E. Richards*, district attorney, for Commonwealth.

*Sidney E. Friedman*, for defendant.

WICKERSHAM, J., December 10, 1936.—Defendant, David Leslie, was indicted to the number and session above stated for keeping a gaming house. The case was heard by the court without a jury and because we were in some doubt as to whether defendant was guilty as indicted we ordered the case upon the argument list and it was argued before the court in banc.

The facts are not in dispute and are as follows: On August 27, 1936, defendant was the proprietor of a game known as "Bingo," at a place at 674 Broad Street in the City of Harrisburg. This was a storeroom on the first floor with approximately 1,000 square feet and a table running around the four sides forming a hollow rectangle. At the time the police visited this place defendant was standing in the center of the rectangle selling cards at one cent apiece. These cards contained 29 different numbers. Also in the center of the ring was a man who drew numbers out of a box and announced the same. There were between 75 and 125 people in the place. Each player had a small pile of corn on the table and the players sat on both the outside and on the inside of the table. The numbers on each card were differently arranged. When a number was called and that number appeared on a play-

er's card he placed a grain of corn on the number. When a player had a straight line across the card vertically, horizontally or diagonally, he would call "Bingo." A Bingo entitled one to a prize or a coupon.

Defendant admitted the operation of Bingo games and offered the defense that he held a permanent amusement permit from the Commonwealth of Pennsylvania issued to him by the Secretary of Revenue and good for the year 1936 for the conduct of a Bingo game. He also offered in evidence a receipt for license tax from the City Treasurer of the City of Harrisburg issued to one E. S. Hess and another issued to one J. A. Rudy, for the conduct of a Bingo game.

Defendant admitted that the player for a penny was for the one cent paid for the card. The prizes offered took one or more coupons as, for instance, one coupon, canned goods of the value of 15 cents to 20 cents; three coupons, an article worth $1; five coupons, an article worth $1.50, as, for instance, a rug; and seven coupons, blankets worth $2.45.

Defendant admitted that the player for a penny was taking a chance as to whether he would lose or whether he would win something that was worth 15 cents to 20 cents. Most of the people present were colored people.

After carefully considering the testimony and the oral argument before the court in banc we are now of opinion that under the facts, about which there is no controversy, defendant was conducting a gaming device.

It was argued that defendant was conducting this game after having first received a license so to do from the Commonwealth of Pennsylvania and from the City of Harrisburg. It cannot be successfully contended that either the Commonwealth or the municipality had the power to rule that the game as conducted by defendant was not a gaming device. While the certificates of authority will be considered by us in imposing sentence, nevertheless we are not impressed with the argument that be-

cause defendant had said certificates of authority he was not guilty of the misdemeanor for which he was indicted.

And now, December 10, 1936, we adjudge defendant guilty of the crime and misdemeanor for which he stands indicted and the district attorney is directed to call him for sentence at his convenience.